## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| INTEGRAL WIRELESS TECHNOLOGIES LLC, *Plaintiff,* v. SIERRA WIRELESS, ULC, *Defendant.* | Civil Action No. 2:26-cv-00263 **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Integral Wireless Technologies LLC (hereinafter, "Integral Wireless" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Sierra Wireless, ULC ("Sierra Wireless" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | Patent No. | Title | Available At |
|---|---|---|---|
| 1. | 7,310,537 | Communication on Multiple Beams Between Stations | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7310537 |
| 2. | 7,398,408 | Systems and Methods for Waking Up Wireless LAN Devices | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7398408 |
| 3. | 7,548,592 | Multiple Input, Multiple Output Communications Systems | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7548592 |
| 4. | 7,653,031 | Advance Notification Of Transmit Opportunities On | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/aut |

| | Patent No. | Title | Available At |
|---|---|---|---|
| | | A Shared-Communications Channel | horize.html?redirect=print/pdfRedirect Download/7653031 |
| 5. | 7,738,595 | Multiple Input, Multiple Output Communications Systems | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/aut horize.html?redirect=print/pdfRedirect Download/7738595 |
| 6. | 7,822,141 | Multiple Input, Multiple Output Communications Systems | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/aut horize.html?redirect=print/pdfRedirect Download/7822141 |
| 7. | 7,953,411 | Virtual Soft Hand Over In OFDM And OFDMA Wireless Communication Network | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/aut horize.html?redirect=print/pdfRedirect Download/7953411 |

2.      Integral Wireless seeks injunctive relief and monetary damages.

**PARTIES**

3.      Integral Wireless is a limited liability company formed under the laws of Texas with a registered office address located at 512 W. Martin Luther King Jr. Blvd., Unit 281, Austin, Texas 78701 (Travis County).

4.      Upon information and belief based on public information, Sierra Wireless is a corporation organized and existing under the laws British Columbia, Canada.

5.      Upon information and belief based on public information, Sierra Wireless maintains an established place of business at 13811 Wireless Way, Richmond, British Columbia, V6V 3A4.

**JURISDICTION AND VENUE**

6.      Integral Wireless repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

7.      This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

8.      This Court has personal jurisdiction over Sierra Wireless pursuant to due process and/or the Texas Long Arm Statute because, inter alia, (i) Sierra Wireless has done and continues to do business in the United States, including in the State of Texas; (ii) Sierra Wireless has committed and continues to commit acts of patent infringement in the United States, including in the State of Texas, including making, using, offering to sell, and/or selling accused products in the United States and Texas, and/or importing accused products into the United States and Texas, including by Internet sales and sales *via* retail and wholesale stores, inducing others to commit acts of patent infringement in the United States and Texas, and/or committing at least a portion of any other infringements alleged herein.

9.      In addition, or in the alternative, this Court has personal jurisdiction over Sierra Wireless pursuant to Fed. R. Civ. P. 4(k)(2).

10.     Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Sierra Wireless does not reside in any judicial district in the United States.

## THE ACCUSED PRODUCTS

11.     Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

12.     Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes the Sierra Wireless server system, various 5G compatible devices, 802.11n compatible devices, 802.11ac compatible devices, Bluetooth 4.1 and higher compatible devices, BLE 5.0 and higher compatible devices, and Bluetooth compatible devices, including, but not limited to, the "Accused Products" set forth below:

- **5G compatible devices**, including but not limited to **AirLink 5G routers** (XR90, XR80, EX400, XR60, MG90, RX400), **EM series 5G modules** (EM8695, EM9293,

EM9291, EM9295, EM9190, EM9191), **Semtech PerSe Connect Product Line** (SX9340, SX9376), **IoT Modules** (HL7900), **IoT 5G Modems** (FX86E), and **Semtech Antennas**;

- **Sierra Wireless BLE 5.0 and higher compatible devices**, including but not limited to AirPrime Sensor Hub, BC127, BC127-EXT, and AirLink XR80;

- **Sierra Wireless Bluetooth 4.1 and higher compatible devices**, including but not limited to AirLink XR90, AirPrime BX3100, AirPrime BX3105, AirPrime BX3210, BC127, BC127-HD, BC127-EXT, and BC127-HD-EXT;

- **Sierra Wireless 802.11n compatible devices**, including but not limited to **AirLink 802.11 routers** (XR90, XR80, LX60, LX40, RX400, XR60, MG90, MP70, RX55, RV55), **Wi-Fi modules** (BX3105, AirPrime BX3100, BX3210), **Wi-Fi X-Card** (GX400, GX440, GX450, Wi-Fi Expansion Card EC4501), AirLink oMG2000, AirLink oMG500, AirCard 763S Mobile Hotspot, AirPrime Sensor Hub, AirCard 770S, AirCard 754S, AC803S, and AirCard W802S;

- **802.11/BT Device compatible devices**, including but not limited to AirLink XR90, AirLink LX60, AirLink RX400, AirLink XR60, AirLink MG90, AirLink RX55, AirPrime BX3105, AirPrime BX3100, AirLink oMG2000, AirLink oMG500, AirPrime BX3210 Module, AirPrime Sensor Hub, AirLink XR80, AirPrime XS1110, AirPrime WP75XX, WP8548, AirPrime EM7355, AirPrime EM7305, AirPrime EM7455, MC7455, and MC7354;

- **AirLink 802.11 routers**, including XR90, XR80, LX60, LX40, RX400, XR60, MG90, MP70, RX55, and RV55;

- **Wi-Fi modules**, including BX3105, AirPrime BX3100, and BX3210;

- **Wi-Fi X-Card**, including GX400, GX440, GX450, and Wi-Fi Expansion Card EC4501.

13.    Defendant also instruct their customers, agents, employees, and affiliates regarding how to use the Accused Products for infringing purposes. *See, e.g., AirPrime SensorHub*, SIERRA WIRELESS, available at https://source.sierrawireless.com/devices/iot-products/sensorhub/#sthash.eH68IWyn.DG5biM3r.dpbs (last visited March 17, 2026) (product page for the AirPrime SensorHub); *Semtech FX86E 5G RedCap Modem*, SIERRA WIRELESS, available at https://www.sierrawireless.com/wp-content/uploads/2026/03/FX86E-Datasheet-Feb2026-2.pdf (last visited March 17, 2026) (datasheet for the Semtech FX86E 5G RedCap Modem); *Semtech Antenna 7-in-1 Flat Panel for XR60*, SIERRA WIRELESS, available at https://www.sierrawireless.com/wp-content/uploads/2024/11/S-Datasheet-Antenna-7in1-Flat-Panel-XR60-Nov2024-F.pdf (last visited March 17, 2026) (datasheet for the Semtech Antenna 7-in-1 Flat Panel for XR60); *Semtech Antenna 6-in-1 Dome 5G*, SIERRA WIRELESS, available at https://www.sierrawireless.com/wp-content/uploads/2025/01/S-Datasheet-Antenna-6in1-Dome-5G-2024-1.pdf (last visited March 17, 2026) (datasheet for the Semtech Antenna 6-in-1 Dome 5G); *Semtech Antenna 8-in-1 Dome*, SIERRA WIRELESS, available at https://www.sierrawireless.com/wp-content/uploads/2025/01/S-Datasheet-Antenna-8in1_Dome-2024-1.pdf (last visited March 17, 2026) (datasheet for the Semtech Antenna 8-in-1 Dome); *Semtech Antenna 4-in-1 Dome*, SIERRA WIRELESS, available at https://www.sierrawireless.com/wp-content/uploads/2026/01/S-Datasheet-Antenna-4in1-Dome-Jan2026-F.pdf (last visited March 17, 2026) (datasheet for the Semtech Antenna 4-in-1 Dome); *Semtech Antenna 4-in-1 SharkFin*, SIERRA WIRELESS, available at https://www.sierrawireless.com/wp-content/uploads/2026/01/S-Datasheet-Antenna-

4in1_SHARKFIN-Jan2026-F.pdf (last visited March 17, 2026) (datasheet for the Semtech Antenna 4-in-1 SharkFin).

14.     Defendant also imports into the United States, distributes, and sells the Accused Products to end-users *via* the Internet and *via* distribution partners, retailers, reseller partners, and solution partners.  *See, e.g.*, *AirLink® Cellular Routers & Gateways – 5G/4G Rugged Solutions for Critical Connectivity*, SIERRA WIRELESS, available at https://www.sierrawireless.com/router-solutions/airlink/ (last visited March 17, 2026) (advertising AirLink routers and gateways and directing customers to buy enterprise products through Semtech partners); *Buy IoT Products and Services*, SIERRA WIRELESS, available at https://www.sierrawireless.com/how-to-buy/ (last visited March 17, 2026) (directing customers to "Buy Enterprise Products Through A Partner"); *Semtech Partners*, SIERRA WIRELESS, available at https://www.sierrawireless.com/find-a-partner/ (last visited March 17, 2026) (stating that Defendant is "[p]artnered with experts in cellular connectivity to provide sales and support in over 50 countries around the world").  Those sales occur in the United States, and throughout Texas, including in this District.

15.     For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,310,537

16.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17.     The USPTO duly issued U.S. Patent No. 7,310,537 (hereinafter, the "'537 patent") on December 18, 2007, after full and fair examination of Application No.: 10/639,758 which was filed on August 13, 2003.  *See* '537 patent at p. 1.

18.     Integral Wireless owns all substantial rights, interest, and title in and to the '537 patent,

including the sole and exclusive right to prosecute this action and enforce the '537 patent against infringers and to collect damages for all relevant times.

19.     The claims of the '537 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve cellular communication system serving mobile users or any other communication system wherein information can be communicated wirelessly on multiple beams between at least two stations.

20.     The written description of the '537 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21.     Defendant has directly infringed one or more claims of the '537 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

22.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 26 of the '537 patent, as detailed in **Exhibit A** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,310,537).

23.     As just one example, as detailed in Exhibit A, Defendant, through the use and provision of the Accused Products, provides a station, comprising: antenna unit configured to receive signals transmitted from another station on multiple beams; and a controller for identifying beams based on beam identity information associated with signals received from the other station, wherein a set of beams that are geometrically distinguished from each other is selected for

transmission of signals between a first station and a second station based on information of the identified beams.

24. Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '537 patent.

25. Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,398,408

26. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

27. The USPTO duly issued U.S. Patent No. 7,398,408 (hereinafter, the "'408 patent") on July 8, 2008, after full and fair examination of Application No. 10/995,188 which was filed on November 24, 2004. *See* '408 patent at p. 1.

28. Integral Wireless owns all substantial rights, interest, and title in and to the '408 patent, including the sole and exclusive right to prosecute this action and enforce the '408 patent against infringers and to collect damages for all relevant times.

29. The claims of the '408 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, as just one example, the claimed invention includes inventive components that improve the function and operation of computing devices by providing a system for wirelessly waking computer devices out of reduced power or sleep mode over a wireless local area network.

30.    The written description of the '408 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

31.    Defendant has directly infringed one or more claims of the '408 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

32.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '408 patent, as detailed in **Exhibit B** and **Exhibit C** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,398,408).

33.    As just one example, as detailed in Exhibit B and  Exhibit C, Defendant, through the use and provision of the Accused Products, performs a method for waking a computing device over a wireless network comprising: broadcasting a signal containing a wake-up data sequence for at least one computing device over a wireless network, wherein broadcasting the signal comprises periodically broadcasting the signal over one or more wireless channels until either a first predetermined time period expires or a confirmation signal is received; receiving the broadcast signal at the at least one computing device, while that device is in a reduced power mode, wherein receiving comprises first entering a wake-up data sequence detection mode; scanning the received signal for a wake-up data sequence for that computing device, wherein scanning is performed until either the wake-up data sequence for that computing device is received or a second predetermined time period expires; and restoring that computing device to a full power mode upon detection of a wake-up data sequence for that device and exiting the wake-up data sequence detection mode if

the second predetermined time period expires.

34.     Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '408 patent.

35.     Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,548,592

36.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

37.     The USPTO duly issued U.S. Patent No. 7,548,592 (hereinafter, the "'592 patent") on June 16, 2009, after full and fair examination of Application No. 10/954,429, which was filed on September 30, 2004.  *See* '592 patent at p. 1.

38.     Integral Wireless owns all substantial rights, interest, and title in and to the '592 patent, including the sole and exclusive right to prosecute this action and enforce the '592 patent against infringers and to collect damages for all relevant times.

39.     The claims of the '592 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, as just one example, the claimed invention includes inventive components that improve systems and methods for transmission and reception of multiple data streams in a multiple-input, multiple-output communications channel by optimizing the weights within a MIMO transmitter and a MIMO receiver to create and steer beam nulls, such that each transmitted signal is substantially decoupled from all other transmitted

signals.

40.     The written description of the '592 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

41.     Defendant has directly infringed one or more claims of the '592 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

42.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '592 patent, as detailed in **Exhibit D** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,548,592).

43.     As just one example, Defendant, as detailed in Exhibit D. through the use and provision of the Accused Products, provides a multiple-input, multiple-output signal transmitter comprising: a plurality of signal inputs, each signal input configured to provide an input signal; a plurality of multipliers, each multiplier configured to weight an input signal with a respective value of a vector (V); a plurality of combiners, each combiner configured to combine respective ones of the plurality of weighted input signals; and a plurality of antennas, each antenna configured to transmit one of the combined weighted input signals; wherein V comprises a matrix of transmitter weighting coefficients, L comprises a lower triangular matrix, and the inverse of V is designated $V^{-1}$ such that $V^{-1}L^{-1}$ comprises a matrix of receiver weighting coefficients.

44.     Defendant has a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind

of Integral Wireless' patent rights.

45.    Defendant willfully blinded itself to the existence of the '592 patent and Defendant's infringement, but Defendant had actual knowledge of the '592 patent since at least the time of receiving the original complaint in this action.

46.    Defendant has also indirectly infringed one or more claims of the '592 patent by inducing others to directly infringe said claims.

47.    Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '592 patent by providing or requiring use of the Accused Products.

48.    Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '592 patent, including, for example, claim 1.

49.    Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

50.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '592 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '592 patent.

51.     Defendant's inducement is ongoing.

52.     Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '592 patent.

53.     Defendant has contributed to the direct infringement of one or more claims of the '592 patent by their personnel, contractors, and customers.

54.     The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '592 patent, including, for example, claim 1.

55.     The special features constitute a material part of the invention of one or more of the claims of the '592 patent and are not staple articles of commerce suitable for substantial non-infringing use.

56.     Defendant's contributory infringement is ongoing.

57.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

58.     Defendant's direct infringement of one or more claims of the '592 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

59.     Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '592 patent.

60.     Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '592 patent.

Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology. The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology. The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

61.     Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,653,031

62.     Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

63.     The USPTO duly issued U.S. Patent No. 7,653,031 (hereinafter, the "'031 patent") on January 26, 2010, after full and fair examination of Application No. 10/680,876 which was filed on October 8, 2003. *See* '031 patent at p. 1.

64.     Integral Wireless owns all substantial rights, interest, and title in and to the '031 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

65.     The claims of the '031 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that enables both an IEEE 802.11 transceiver and a Bluetooth transceiver to be employed in a single wireless telecommunication station (e.g., a device supporting a wireless telephone, personal digital assistant, etc.) without interfering on each other.

66.     The written description of the '031 patent describes in technical detail each limitation

of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

67.     Defendant has directly infringed and continue to directly infringe one or more claims of the '031 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

68.     Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 15 of the '031 patent, as detailed in **Exhibit E** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,653,031).

69.     For example, as detailed in Exhibit E, Defendant, through the provision and use of the Accused Products, provides apparatuses comprising: a first air interface subsystem comprising: a receiver configured for receiving a beacon frame in accordance with a first communications protocol using a shared-communications channel wherein the beacon frame comprises a beacon interval; a processor configured for determining a transmit opportunity on the shared-communications channel wherein the transmit opportunity is based on the time at which the beacon frame is received and on the beacon interval; and an interface configured for notifying a second air interface subsystem of the transmit opportunity, wherein the second air interface subsystem comprises a first transmitter, wherein the first transmitter is configured to communicate in accordance with a second communications protocol using the shared-communications channel, and wherein the first air interface subsystem and the second air interface subsystem are both configured to be associated with a same host computer.

70.     Defendant has a policy or practice of not reviewing the patents of others, including

instructing its employees to not review the patents of others, and thus has been willfully blind of Integral Wireless' patent rights.

71.    Defendant willfully blinded itself to the existence of the '031 patent and Defendant's infringement, but Defendant had actual knowledge of said patent since at least the time of receiving the original complaint in this action.

72.    Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '031 patent by inducing others to directly infringe said claims.

73.    Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '031 patent by providing or requiring use of the Accused Products.

74.    Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '031 patent, including, for example, claim 15.

75.    Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

76.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '031 patent and with the knowledge that the induced acts constitute infringement.

77.    Defendant is aware that the normal and customary use of the Accused Products by

others would infringe one or more claims of the '031 patent.

78.     Defendant's inducement is ongoing.

79.     Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '031 patent.

80.     Defendant has contributed to the direct infringement of one or more claims of the '031 patent by their personnel, contractors, and customers.

81.     The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '031 patent, including, for example, claim 15.

82.     The special features constitute a material part of the invention of one or more of the claims of the '031 patent and are not staple articles of commerce suitable for substantial non-infringing use.

83.     Defendant's contributory infringement is ongoing.

84.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

85.     Defendant's direct infringement of one or more claims of the '031 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

86.     Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '031 patent.

87.     Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue

to suffer this harm by virtue of Defendant's infringement of one or more claims of the '031 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

88.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,738,595

89.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

90.    The USPTO duly issued U.S. Patent No. 7,738,595 (hereinafter, the "'595 patent") on June 15, 2010, after full and fair examination of Application No. 10/884,633 which was filed on July 2, 2004.  *See* '595 patent at p. 1.

91.    Integral Wireless owns all substantial rights, interest, and title in and to the '595 patent, including the sole and exclusive right to prosecute this action and enforce the '595 patent against infringers and to collect damages for all relevant times.

92.    The claims of the '595 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon systems and methods for transmission and reception of multiple data streams in a multiple-input, multiple-output communications channel.

93.    The written description of the '595 patent describes in technical detail each limitation

of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

94.    Defendant has directly infringed one or more claims of the '595 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

95.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '595 patent, as detailed in **Exhibit F** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,738,595).

96.    As just one example, as detailed in Exhibit F, Defendant, through the use and provision of the Accused Products, provides MIMO signal transmitters, comprising: at least two vector multipliers, each vector multiplier configured to weight a respective input signal with a vector to form a weighted signal; and at least two antennas comprising a transmit array, the transmit array configured to transmit each weighted signal along a respective signal path; wherein each vector is computed using a unit magnitude decomposition of a transmission channel matrix; and wherein the unit magnitude decomposition includes decomposing at least a portion of the transmission channel matrix into a unitary matrix with eigenvalues that lie substantially on a unit circle of a complex plane.

97.    Defendant has a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Integral Wireless' patent rights.

98.    Defendant willfully blinded itself to the existence of the '595 patent and Defendant's

infringement, but Defendant had actual knowledge of the '595 patent since at least the time of receiving the original complaint in this action.

99.    Defendant has also indirectly infringed the '595 patent by inducing others to directly infringe one or more claims of said patent.

100.    Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '595 patent by providing or requiring use of the Accused Products.

101.    Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '595 patent, including, for example, claim 1 of the '595 patent.

102.    Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

103.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '595 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '595 patent.

104.    Defendant's inducement is ongoing.

105.    Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '595 patent.

106.    Defendant has contributed to the direct infringement of one or more claims of the '595 patent by their personnel, contractors, and customers.

107.    The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '595 patent, including, for example, claim 1.

108.    The special features constitute a material part of the invention of one or more of the claims of the '595 patent and are not staple articles of commerce suitable for substantial non-infringing use.

109.    Defendant's contributory infringement is ongoing.

110.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

111.    Defendant's direct infringement of one or more claims of the '595 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

112.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '595 patent.

113.    Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '595 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to

exclude outweighs other public interests, which supports injunctive relief in this case.

114.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,822,141

115.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

116.    The USPTO duly issued U.S. Patent No. 7,822,141 (hereinafter, the "'141 patent") on October 26, 2010, after full and fair examination of Application No.: 11/469,075 which was filed on August 13, 2006.  *See* '141 patent at p. 1.

117.    Integral Wireless owns all substantial rights, interest, and title in and to the '141 patent, including the sole and exclusive right to prosecute this action and enforce the '141 patent against infringers and to collect damages for all relevant times.

118.    The claims of the '141 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve systems and methods for transmission and reception of multiple data streams in a multiple-input, multiple-output communications channel.

119.    The written description of the '141 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

120.    Defendant has directly infringed one or more claims of the '141 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

121.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '141 patent, as detailed in **Exhibit G** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,822,141).

122.    As just one example, as detailed in Exhibit G, Defendant, through the use and provision of the Accused Products, performs a method comprising: method, comprising: generating two or more forward weighted signals by weighting two or more input signals with initial transmitter weights $V_i$ associated with two or more forward channels; transmitting the two or more forward weighted signals via two or more forward antennas; receiving, at the two or more forward antennas, two or more reverse weighted signals transmitted via two or more reverse antennas corresponding to two or more reverse channels, the two or more reverse weighted signals formed from two or more reverse signals with receiver weights $U_i$ associated with the two or more reverse channels; determining the receiver weights $U_i$ associated with each of the two or more reverse weighted signals; choosing updated transmitter weights $V_i'$ for the two or more forward channels based at least in part on the determined receiver weights $U_i$ to provide a target level of gain for the two or more forward channels; and iteratively repeating the transmitting, receiving, determining, or combinations thereof, for subsequent transmissions using the two or more forward channels until the updated transmitter weights $V_i'$, the receiver weights $U_i$, or combinations thereof, are at target values.

123.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one

or more claims of the '141 patent.

124.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,953,411**

125.    Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

126.    The USPTO duly issued U.S. Patent No. 7,953,411 (hereinafter, the "'411 patent") on May 31, 2011, after full and fair examination of Application No. 11/150,829 which was filed on June 9, 2005.  *See* '411 patent at p. 1.

127.    Integral Wireless owns all substantial rights, interest, and title in and to the '411 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

128.    The claims of the '411 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon handover mechanisms for orthogonal frequency division multiplexing (OFDM) and orthogonal frequency division multiple access (OFDMA) wireless communication systems by providing an efficient virtual soft handover (VSHO) mechanism that allows a mobile subscriber station to transmit and receive a frame with only one base station while monitoring communications with adjacent base stations.

129.    The written description of the '411 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-

conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

130. Defendant has directly infringed and continue to directly infringe one or more claims of the '411 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

131. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 10 of the '411 patent, as detailed in **Exhibit H** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,953,411).

132. For example, as detailed in Exhibit H, Defendant, through the provision and use of the Accused Products, performs a  method for implementing a hand over of a mobile subscriber station (MSS) in a wireless communication network, comprising: maintaining an active set comprising a list of transmitting base stations, each transmitting base station capable of communicating with the MSS, the MSS communicating with only one current transmitting base station in a single frame; monitoring all transmitting base stations in the active set while transmitting data to and receiving data from the current transmitting base station in one or more bursts that are allocated for the MSS in the single frame, the data representing communication traffic between the MSS and the current transmitting base station, wherein the current transmitting base station is the only base station of the list of transmitting base stations operated to transmit data to the MSS using the one or more bursts that are allocated for the MSS in the single frame; determining a preferred transmitting base station included in the transmitting base stations based upon the monitoring; informing the preferred transmitting base station to the current transmitting base station by a fast feedback channel; stopping the MSS from transmitting data to and receiving data from the current

transmitting base station; and operating the MSS to exchange transmission of data at a subsequent frame with the preferred base station.

133.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '411 patent.

134.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

135.    Integral Wireless hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

136.    Integral Wireless requests that the Court find in its favor and against Defendant, and that the Court grant Integral Wireless the following relief:

    a.    Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

    b.    A permanent injunction enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '592 patent, the '031 patent, and the '595 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

    c.    Judgment that Defendant account for and pay to Integral Wireless all damages to and costs incurred by Integral Wireless because of Defendant's infringing activities and

other conduct complained of herein;

d.     Judgment that Defendant's infringements be found willful as to the '592 patent, the '031 patent, and the '595 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.     Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.     That this Court declare this an exceptional case and award Integral Wireless its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.     All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>March 31, 2026</u>

Respectfully submitted,

By: */s/ James F. McDonough, III*

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH, PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH, PLLC**
1001 Bannock Street, Suite 241
Denver, Colorado 80204
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH, PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

**Attorneys for *Plaintiff INTEGRAL WIRELESS TECHNOLOGIES LLC***

\* Admitted to the Eastern District of Texas

**List of Attachments**

- Civil Cover Sheet

- Proposed Summons

**List of Exhibits**

A. Evidence of Use Regarding Infringement of U.S. Patent No. 7,310,537

B. Evidence of Use Regarding Infringement of U.S. Patent No. 7,398,408 — Chart 1

C. Evidence of Use Regarding Infringement of U.S. Patent No. 7,398,408 — Chart 2

D. Evidence of Use Regarding Infringement of U.S. Patent No. 7,548,592

E. Evidence of Use Regarding Infringement of U.S. Patent No. 7,653,031

F. Evidence of Use Regarding Infringement of U.S. Patent No. 7,738,595

G. Evidence of Use Regarding Infringement of U.S. Patent No. 7,822,141

H. Evidence of Use Regarding Infringement of U.S. Patent No. 7,953,411

**List of Supporting Links**

1. U.S. Patent No. 7,310,537, USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7310537.

2. U.S. Patent No. 7,398,408, USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7398408.

3. U.S. Patent No. 7,548,592, USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7548592.

4. U.S. Patent No. 7,653,031, USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7653031.

5. U.S. Patent No. 7,738,595, USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7738595.

6.  U.S. Patent No. 7,822,141, USPTO.gov,
    https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/
    7822141.

7.  U.S. Patent No. 7,953,411, USPTO.gov,
    https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/
    7953411.