**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTEGRAL WIRELESS TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:26-cv-00263 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| SIERRA WIRELESS, ULC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SIERRA WIRELESS, ULC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Sierra Wireless, ULC ("Sierra Wireless"), by and through undersigned counsel, answers Plaintiff Integral Wireless Technologies LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint") as follows. Except as expressly admitted, Sierra denies each and every allegation in the Complaint.

**NATURE OF THE ACTION**

1. Sierra Wireless admits that Plaintiff purports to bring this action for patent infringement directed to U.S. Patent Nos. 7,310,537; 7,398,408; 7,548,592; 7,653,031; 7,738,595; 7,822,141; and 7,953,411 (the "Asserted Patents"). Sierra Wireless denies that it makes, uses, offers for sale, sells, or imports any accused products within the United States. It further denies that it has infringed the Asserted Patents, denies that the Asserted Patents are valid or enforceable, and denies that Plaintiff is entitled to any relief. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

2. Sierra Wireless admits that Plaintiff purports to seek injunctive relief and monetary damages. Sierra Wireless denies that Plaintiff is entitled to any such relief. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

## PARTIES

3. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff is a limited liability company formed under the laws of Texas with a registered office address located at 512 W. Martin Luther King Jr. Blvd., Unit 281, Austin, Texas 78701, and on that basis denies those allegations. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

4. Sierra Wireless admits that it is a corporation but denies that it is organized and existing under the laws of British Columbia, Canada. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

5. Sierra Wireless admits that it maintains a place of business at 13811 Wireless Way, Richmond, British Columbia, V6V 3A4, Canada. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

## JURISDICTION AND VENUE

6. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

7. This paragraph contains legal conclusions that do not require a response. To the extent any response is required, Sierra Wireless denies that Plaintiff has any valid claims against it under 35 U.S.C. § 271 or otherwise. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

8. This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Sierra Wireless specifically denies that it has done or continues to do business in the United States or in the State of Texas. Sierra Wireless further denies that it has committed or continues to commit any acts of patent infringement in the United States, the State of Texas, or anywhere else. Sierra Wireless denies that it makes, uses, offers for sale, sells, or imports any accused products in the United States or Texas, whether by Internet sales, retail stores, wholesale stores, or any other channel. Sierra Wireless further denies that it has induced any person to commit acts of infringement in the United States or Texas. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

9. Sierra Wireless denies the allegations in this paragraph.

10. Sierra Wireless admits that it does not reside in any judicial district in the United States. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

**THE ACCUSED PRODUCTS**

11. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

12. Sierra Wireless denies the allegations in this paragraph.

13. Sierra Wireless denies the allegations in this paragraph.

14. Sierra Wireless denies the allegations in this paragraph.

15. Sierra Wireless denies the allegations in this paragraph.

**COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,310,537**

16. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

17. Sierra Wireless admits that U.S. Patent No. 7,310,537 states it was filed on August 13, 2003 and issued on December 18, 2007. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

18. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the allegations in this paragraph.

19. Sierra Wireless denies the allegations in this paragraph.

20. Sierra Wireless denies the allegations in this paragraph.

21. Sierra Wireless denies the allegations in this paragraph.

22. Sierra Wireless denies the allegations in this paragraph, including any allegations within Exhibit A to the Complaint.

23. Sierra Wireless denies the allegations in this paragraph.

24. Sierra Wireless denies the allegations in this paragraph.

25. Sierra Wireless denies the allegations in this paragraph.

**COUNT II: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,398,408**

26. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

27. Sierra Wireless admits that U.S. Patent No. 7,398,408 states it was filed on November 24, 2004 and issued on July 8, 2008. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

28. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the allegations in this paragraph.

29. Sierra Wireless denies the allegations in this paragraph.

30. Sierra Wireless denies the allegations in this paragraph.

31. Sierra Wireless denies the allegations in this paragraph.

32. Sierra Wireless denies the allegations in this paragraph, including any allegations within Exhibits B and C to the Complaint.

33. Sierra Wireless denies the allegations in this paragraph.

34. Sierra Wireless denies the allegations in this paragraph.

35. Sierra Wireless denies the allegations in this paragraph.

**COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,548,592**

36. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

37. Sierra Wireless admits that U.S. Patent No. 7,548,592 states it was filed on September 30, 2004 and issued on June 16, 2009. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

38. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the allegations in this paragraph.

39. Sierra Wireless denies the allegations in this paragraph.

40. Sierra Wireless denies the allegations in this paragraph.

41. Sierra Wireless denies the allegations in this paragraph.

42. Sierra Wireless denies that the allegations in this paragraph, including any allegations in Exhibit D to the Complaint.

43. Sierra Wireless denies the allegations in this paragraph.

44. Sierra Wireless denies the allegations in this paragraph.

45. Sierra Wireless admits it has actual knowledge of the ’592 patent as of receiving the Complaint. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

46. Sierra Wireless denies the allegations in this paragraph.

47. Sierra Wireless denies the allegations in this paragraph.

48. Sierra Wireless denies the allegations in this paragraph.

49. Sierra Wireless denies the allegations in this paragraph.

50. Sierra Wireless denies the allegations in this paragraph.

51. Sierra Wireless denies the allegations in this paragraph.

52. Sierra Wireless denies the allegations in this paragraph.

53. Sierra Wireless denies the allegations in this paragraph.

54. Sierra Wireless denies the allegations in this paragraph.

55. Sierra Wireless denies the allegations in this paragraph.

56. Sierra Wireless denies the allegations in this paragraph.

57. Sierra Wireless denies the allegations in this paragraph.

58. Sierra Wireless denies the allegations in this paragraph.

59. Sierra Wireless denies the allegations in this paragraph.

60. Sierra Wireless denies the allegations in this paragraph.

61. Sierra Wireless denies the allegations in this paragraph.

**COUNT IV: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,653,031**

62. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

63. Sierra Wireless admits that U.S. Patent No. 7,653,031 states it was filed on October 8, 2003 and issued on January 26, 2010. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

64. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the allegations in this paragraph.

65. Sierra Wireless denies the allegations in this paragraph.

66. Sierra Wireless denies the allegations in this paragraph.

67. Sierra Wireless denies the allegations in this paragraph.

68. Sierra Wireless denies the allegations in this paragraph, including any in Exhibit E to the Complaint.

69. Sierra Wireless denies the allegations in this paragraph.

70. Sierra Wireless denies the allegations in this paragraph.

71. Sierra Wireless admits it has actual knowledge of the ’031 patent as of receiving the Complaint. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

72. Sierra Wireless denies the allegations in this paragraph.

73. Sierra Wireless denies the allegations in this paragraph.

74. Sierra Wireless denies the allegations in this paragraph.

75. Sierra Wireless denies the allegations in this paragraph.

76. Sierra Wireless denies the allegations in this paragraph.

77. Sierra Wireless denies the allegations in this paragraph.

78. Sierra Wireless denies the allegations in this paragraph.

79. Sierra Wireless denies the allegations in this paragraph.

80. Sierra Wireless denies the allegations in this paragraph.

81. Sierra Wireless denies the allegations in this paragraph.

82. Sierra Wireless denies the allegations in this paragraph.

83. Sierra Wireless denies the allegations in this paragraph.

84. Sierra Wireless denies the allegations in this paragraph.

85. Sierra Wireless denies the allegations in this paragraph.

86. Sierra Wireless denies the allegations in this paragraph.

87. Sierra Wireless denies the allegations in this paragraph.

88. Sierra Wireless denies the allegations in this paragraph.

**COUNT V: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,738,595**

89. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

90. Sierra Wireless admits that U.S. Patent No. 7,738,595 states it was filed on July 2, 2004 and issued on June 15, 2010. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

91. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the allegations in this paragraph.

92. Sierra Wireless denies the allegations in this paragraph.

93. Sierra Wireless denies the allegations in this paragraph.

94. Sierra Wireless denies the allegations in this paragraph.

95. Sierra Wireless denies the allegations in this paragraph, including any in Exhibit F to the Complaint.

96. Sierra Wireless denies the allegations in this paragraph.

97. Sierra Wireless denies the allegations in this paragraph.

98. Sierra Wireless admits it has actual knowledge of the ’595 patent as of receiving the Complaint. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

99. Sierra Wireless denies the allegations in this paragraph.

100. Sierra Wireless denies the allegations in this paragraph.

101. Sierra Wireless denies the allegations in this paragraph.

102. Sierra Wireless denies the allegations in this paragraph.

103. Sierra Wireless denies the allegations in this paragraph.

104. Sierra Wireless denies the allegations in this paragraph.

105. Sierra Wireless denies the allegations in this paragraph.

106. Sierra Wireless denies the allegations in this paragraph.

107. Sierra Wireless denies the allegations in this paragraph.

108. Sierra Wireless denies the allegations in this paragraph.

109. Sierra Wireless denies the allegations in this paragraph.

110. Sierra Wireless denies the allegations in this paragraph.

111. Sierra Wireless denies the allegations in this paragraph.

112. Sierra Wireless denies the allegations in this paragraph.

113. Sierra Wireless denies the allegations in this paragraph.

114. Sierra Wireless denies the allegations in this paragraph.

**COUNT VI: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,822,141**

115. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

116. Sierra Wireless admits that U.S. Patent No. 7,822,141 states it was issued on October 26, 2010. Sierra Wireless denies that the ’141 Patent was filed on “August 13, 2006.” To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

117. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the allegations in this paragraph.

118. Sierra Wireless denies the allegations in this paragraph.

119. Sierra Wireless denies the allegations in this paragraph.

120. Sierra Wireless denies the allegations in this paragraph.

121. Sierra Wireless denies the allegations in this paragraph, including any in Exhibit G to the Complaint.

122. Sierra Wireless denies the allegations in this paragraph.

123. Sierra Wireless denies the allegations in this paragraph.

124. Sierra Wireless denies the allegations in this paragraph.

**COUNT VII: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,953,411**

125. Sierra Wireless incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

126. Sierra Wireless admits that U.S. Patent No. 7,953,411 states it was filed on June 9, 2005 and issued on May 31, 2011. To the extent not expressly admitted, Sierra Wireless denies all remaining allegations in this paragraph.

127. Sierra Wireless lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the allegations in this paragraph.

128. Sierra Wireless denies the allegations in this paragraph.

129. Sierra Wireless denies the allegations in this paragraph.

130. Sierra Wireless denies the allegations in this paragraph.

131. Sierra Wireless denies the allegations in this paragraph, including any in Exhibit H to the Complaint.

132. Sierra Wireless denies the allegations in this paragraph.

133. Sierra Wireless denies the allegations in this paragraph.

134. Sierra Wireless denies the allegations in this paragraph.

## JURY DEMAND

135. This is not an allegation that requires a response. Sierra Wireless, however, likewise demands a trial by jury on all issues triable by right.

## PRAYER FOR RELIEF

136. To the extent the statements in the Prayer for Relief require a response, Sierra Wireless denies that Plaintiff is entitled to any relief, including all relief sought in Paragraphs (a) through (g) of the Complaint's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth above and without assuming the burden of proof on any issue where such burden rests with Plaintiff, Sierra Wireless asserts the following affirmative defenses:

### Non-Infringement

137. Sierra Wireless does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of any of the Asserted Patents.

### Ineligibility and Invalidity

138. One or more claims of each of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### License

139. Plaintiff's claims of patent infringement are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized. Plaintiff's claims of patent infringement are also barred to the extent that Plaintiff's have exhausted its rights and remedies as to the alleged infringement.

### Prosecution History Estoppel

140. Plaintiff's claims are barred, in whole or in part, or its claims are limited, by prosecution history estoppel based on statements, amendments, and/or arguments made during prosecution of the Asserted Patents.

**Inequitable Conduct**

141. One or more of the patents-in-suit is unenforceable due to inequitable conduct.

**Equitable Defenses**

142. Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including, but not limited to, waiver, estoppel, acquiescence, patent misuse, and/or unclean hands.

**Double Patenting**

143. The Asserted Patents are unenforceable for double-patenting contrary to law.

**Failure to Mark / Limitations on Damages**

144. Plaintiff's claims for damages are limited or barred by 35 U.S.C. § 286 and/or 287.

**No Inducement or Contributory Infringement**

145. Sierra Wireless has not induced or contributed to the infringement of any claim of any Asserted Patent. Sierra Wireless has not acted with the specific intent to cause any third party to infringe any claim of any Asserted Patent. In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the patents-in-suit.

**No Willful Infringement**

146. Sierra Wireless has not engaged in willful infringement of any of the Asserted Patents. Sierra Wireless has not acted with the requisite intent or conscious disregard of Plaintiff's alleged patent rights.

**No Injunctive Relief**

147. Plaintiff cannot prove that they are entitled to injunctive relief because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements of such relief.

**No Attorney's Fees**

148. Plaintiff is not entitled to attorney's fees under 35 U.S.C. § 285.

**No Interest**

149. Plaintiff is not entitled to pre- and post-judgment interest.

**Reservation of Additional Defenses**

150. Sierra Wireless reserves the right to assert additional affirmative defenses as discovery and investigation progress.

**SIERRA WIRELESS'S PRAYER FOR RELIEF**

Sierra Wireless requests that the Court:

a. Dismiss the Complaint in its entirety with prejudice;

b. Enter judgment in favor of Sierra Wireless on all counts;

c. Declare that Sierra Wireless has not infringed and does not infringe any claim of the Asserted Patents, either literally or under the doctrine of equivalents;

d. Declare that the claims of the Asserted Patents are invalid and/or unenforceable;

e. Declare this an exceptional case under 35 U.S.C. § 285 and award Sierra Wireless its reasonable attorney's fees and costs; and

f. Award Sierra Wireless such other and further relief as the Court deems just and proper.

DATED: August 4, 2026

Respectfully submitted,

By: */s/ Robert L. Green*
Robert L. Green
Texas State Bar No. 24087625
RGreen@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
845 Texas Ave., 25th Floor
Houston, Texas 77002
Telephone: (713) 431-7100

Martin Bader
California State Bar No. 222865
mbader@sheppard.com
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone 858.720.8900
Facsimile 858.509.3691

**COUNSEL FOR DEFENDANT SIERRA WIRELESS, ULC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents has been served on counsel of record who are deemed to have consented to electronic service on August 4, 2026, via electronic filing using the Court's CM/ECF system.

*/s/ Robert L. Green*
Robert L. Green